**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Sabrina Webb, | ) | |
|     Plaintiff, | ) ) ) | |
| v. | ) ) | No.  09 C 7051 |
| RTB Enterprises, Inc., a Texas corporation, d/b/a Allied Data corporation, | ) ) ) ) ) | |
|     Defendant. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Sabrina Webb, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1.    This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.    Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant transacts business here.

## PARTIES

3.    Plaintiff, Sabrina Webb ("Webb"), is a citizen of the State of Kentucky, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for a Seventh Avenue credit card, despite the fact that she was represented by the legal

aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, RTB Enterprises, Inc., is a Texas corporation that does business as Allied Data Corporation ("Allied Data"), and acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Allied Data operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.

5. Defendant Allied Data is licensed as a collection agency in Illinois. See, record from the Illinois Division of Professional Regulation attached as Exhibit A.

## FACTUAL ALLEGATIONS

6. Ms. Webb is a disabled woman, with limited assets and income, who fell behind on paying her bills, including a debt she owed for a Seventh Avenue credit card. When Defendant Allied Data began trying to collect the Seventh Avenue debt from Ms. Webb, she sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant Allied Data's collection actions.

7. On September 4, 2009, one of Ms. Webb's attorneys at LASPD wrote to Defendant Allied Data, informing Allied Data that Ms. Webb was represented by counsel, and directing Allied Data to cease contacting her, and to cease all further collection activities because Ms. Webb was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit B.

8.      Nonetheless, Defendant Allied Data sent a collection letter, dated September 25, 2009, directly to Ms. Webb, demanding payment of the Seventh Avenue debt.  A copy of this letter is attached as Exhibit C.

9.      Accordingly, on October 29, 2009, Ms. Webb's LASPD attorney had to send Defendant Allied Data another letter to cease communications and collections.  Copies of this letter and fax confirmation are attached as Exhibit D.

10.     All of the collection actions complained of herein occurred within one year of the date of this Complaint.

11.     Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
## Violation Of § 1692c(c) Of The FDCPA --
## Failure To Cease Collections

12.     Plaintiff adopts and realleges ¶¶ 1-11.

13.     Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  See, 15 U.S.C. § 1692c(c).

14.     Here, the letter from Ms. Webb's agent, LASPD, told Defendant Allied Data to cease communications and collections (Exhibit B).  By continuing to communicate regarding this debt and demanding payment, Defendant Allied Data violated § 1692c(c) of the FDCPA.

15.     Defendant Allied Data's violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

### COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

16.     Plaintiff adopts and realleges ¶¶ 1-11.

17.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

18.     Defendant Allied Data knew that Ms. Webb was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendant, in writing, that she was represented by counsel, and had directed Defendant Allied Data to cease directly communicating with Ms. Webb.  By directly sending Ms. Webb the collection letter (Exhibit D), despite being advised that she was represented by counsel, Defendant Allied Data violated § 1692c (a)(2) of the FDCPA.

19.     Defendant Allied Data's violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

Plaintiff, Sabrina Webb, prays that this Court:

1.     Find that Defendant Allied Data's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff, Webb, and against Defendant Allied Data, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Sabrina Webb, demands trial by jury.

Sabrina Webb,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: November 10, 2009

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com